**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Kathleen Ruth Kavanaugh and
  Mark Hubert Kavanaugh,

              Debtors

Chapter 13
Case No. 14-10694

**ORDER AWARDING COMPENSATION AND REIMBURSEMENT OF EXPENSES**

     Shankman & Associates seeks an award of compensation and reimbursement of expenses under 11 U.S.C. §§ 330 and 331 on account of its services to the debtors in this joint chapter 13 case. *See* Application for Compensation of Legal Services [Dkt. No. 39] (the "Fee Application"). The chapter 13 trustee objected, raising multiple concerns about the Fee Application. Shankman & Associates filed a response, *see* Debtor's Response to Trustee's Objection to Application for Fees and Expenses [Dkt. No. 44], and the Court conducted a hearing on the Fee Application on June 2, 2016.

     This contested matter highlights the important distinction between an award of compensation under section 330(a), and the payment of allowed administrative expenses (which includes compensation and expenses awarded under section 330(a)). The Fee Application seeks an award of $7,496.70 in fees and $310.00 in expenses, for a total of $7,806.70. Before the chapter 13 case was filed, the debtors paid $3,310.00 to Shankman & Associates for work performed, or to be performed, in connection with the case. Applying that $3,310.00 to the presumptive award would leave $4,496.70 of the award unpaid. The confirmed plan contains an administrative reserve of $3,600.00, or $896.70 less than the requested award after application of

the pre-petition payment by the debtors.[1]  This is not an unusual situation in chapter 13 cases in this District.  For reasons described below, this order awards compensation and expenses, but does not address payment of the award.

The chapter 13 trustee contends—and the debtors' counsel seems to agree—that the debtors will "remain liable" for payment of any unpaid portion of the fees and expenses awarded under section 330 following completion of the chapter 13 case.[2]  The Court does not, by granting the Fee Application, signal its acceptance or rejection of the trustee's contention.  Whether Shankman & Associates is barred from collecting allowed fees and expenses directly from the debtors or their property after the closing of the chapter 13 case is a question for another day.  And the answer to that question may be a complicated one, built on several sections of the Bankruptcy Code and on competing policy concerns.  For example, section 1328 operates to discharge most types of debts "provided for by the plan or disallowed under section 502 . . . ." 11 U.S.C. § 1328(a).[3]  Perhaps the inclusion of an administrative expense reserve in the confirmed plan in this case means that any debt for allowed fees and expenses has been "provided for by the plan[.]"  11 U.S.C. § 1328(a).  Neither the trustee nor Shankman & Associates cited any authority on this question, although other courts have grappled with similar questions.  *See, e.g.*, In re Cripps, 2016 WL 2899459 (Bankr. W.D. Mich. 2016); In re Hanson, 223 B.R. 775 (Bankr. D. Or. 1998).  The Court is not prepared, at this juncture, to determine the

---

[1] The plan sets the amount of the debtors' attorney fees to be paid by the trustee at $0.00.  It also establishes an administrative reserve of $3,600.00.  Here—as in most cases—the administrative reserve would be used for the payment of allowed professional fees and for no other purpose.

[2] In the Fee Application, Shankman & Associates suggested that its allowed fees and expenses would be paid from funds "available from the Chapter 13 Plan."  *See* Fee Application, at ¶ 10.  Elsewhere, the Fee Application suggests that Shankman & Associates expects the debtors to pay any allowed fees and expenses over and above those fees and expenses paid under the plan. This seeming inconsistency is not material to the Court's decision here.

[3] This contested matter does not implicate any of the types of debts that are not subject to discharge under section 1328(a).  *See* 11 U.S.C. § 1328(a)(1)-(4).

extent to which the debtors will remain liable for any fees and expenses awarded under section 330 that remain unpaid after completion of the plan payments.

The trustee also argues that certain services provided by attorneys at Shankman & Associates could have been performed competently by an experienced paralegal and, as a result, the services should not be compensated at attorney rates. With one minor exception, the trustee does not identify the specific services he challenges on these grounds. The Court has independently reviewed the revised billing detailed supplied by the applicant and is not prepared to reduce the compensation on these grounds. Finally, the trustee's remaining objections to the Fee Application have been considered and are overruled.

The Fee Application is granted under 11 U.S.C. § 330(a)(4)(B). Shankman & Associates is awarded $7,496.70 as compensation for reasonable and necessary services rendered to the debtors, and $310.00 for reimbursement of actual and necessary expenses incurred.

Dated: June 9, 2016

                                    Michael A. Fagone
                                    United States Bankruptcy Judge
                                    District of Maine